**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLUB 35, LLC, *et al.*, | |
| Plaintiffs, | Civil Action No. 12-2953 (MAS) (TJB) |
| v. | |
| BOROUGH OF SAYREVILLE, *et al.*, | **MEMORANDUM OPINION** |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendants'[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Defs.' Br., ECF No. 8.) Plaintiffs Club 35, LLC ("Club 35"), and Doreen Acciardi ("Acciardi") (collectively, "Plaintiffs") oppose the motion. (Pls.' Br., ECF No. 12.) The Borough filed a Reply. (ECF No. 13.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Rule 78. For the reasons set forth below, and other good cause shown, Defendants' Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

---

[1] Defendants include the Mayor of Sayreville, Kennedy O'Brien, Clerk Theresa Farbaniec, the Sayreville Township Council and various John Does. This Opinion refers to Defendants collectively as "the Borough."

## I. Background

Club 35 is a gentleman's club with its principal place of business located at 7090 Route 35 North, Sayreville, New Jersey. (Compl. ¶ 1, ECF No. 1.) Acciardi is the owner of Club 35. (*Id.* ¶ 2.) Club 35 is a bring-your-own-beverage ("BYOB") establishment.

On July 13, 2009, the Borough adopted Ordinance #99-09 (the "Ordinance"), which prohibits BYOB practices in all eating establishments unless such an establishment is considered a restaurant. (*Id.* ¶ 20.) To meet the Ordinance's definition of a restaurant, an establishment must be "regularly and principally used for the purpose of providing meals to the public, having an adequate kitchen and dining room equipped for preparing, cooking and serving of food to its customers for on-site consumption, where customers are provided an individual menu and served at tables by a restaurant employee, and in which no other business, except as is incidental to such establishment, is conducted." (*Id.* ¶ 21.) Acciardi was arrested for violation of the Ordinance on April 21, 2010. (Pls.' Br. 2.)

As a result of the passage of the Ordinance and Acciardi's arrest, Plaintiffs filed an action in New Jersey Superior Court on July 22, 2009, seeking to have the Ordinance struck down. *See Club 35, L.L.C. v. Borough of Sayreville*, 420 N.J. Super. 231 (N.J. Super. Ct. App. Div. 2011).[2] On June 14, 2011, the Appellate Division held that the ordinance was preempted by state law and thus invalidated the Ordinance. *Id.* at 234.

On May 17, 2012, Plaintiffs initiated this suit alleging that the Borough violated Club 35's property rights and caused a loss of customers to Club 35 by instituting and enforcing the Ordinance in violation of 42 U.S.C. §§ 1983 and 1985 as well as N.J. Stat. Ann. § 2C:34-7.

---

[2] The Parties were engaged in a previous legal dispute as well. Discussion of that case is not required to resolve this motion.

(Compl. ¶¶ 41-50.) Plaintiffs further assert that Acciardi's § 1983 rights were violated by the adoption of the Ordinance and her resulting arrest. (*Id.* ¶¶ 51-59.)

## II. Legal Standard and Analysis

### A. Standard for Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Fed. R. Civ. P. 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however,

"is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

**B.  Discussion**

Defendant argues the Complaint must be dismissed because it was not filed within the applicable statute of limitations and no reason to toll or expand that period exists. The Court agrees.

All three Counts in the Complaint are predicated on the adoption of the Ordinance and Acciardi's resulting arrest and allege violations of § 1983 and § 1985. (Compl. ¶¶ 41-59.) In New Jersey, the statute of limitations for § 1983 and § 1985 claims is two years. *City v. Bridgewater Twp. Police Dep't.*, 892 F.2d 23, 24 (3d Cir. 1989). It is undisputed that the Ordinance was adopted on July 13, 2009. (Compl. ¶ 25.) It is also undisputed that Acciardi was arrested on April 21, 2010. (Pls.' Opp'n Br. 3.) Plaintiff further concedes that a two-year statute of limitations applies to the case at bar. (*Id.* 4.) This suit was initiated on May 17, 2012, almost three years after the adoption of the Ordinance and more than two years after Acciardi's arrest.

Plaintiffs, however, claim this matter is not barred by the statute of limitations because the "Continuing Violation Doctrine" applies to the case at bar. (*Id.*) This doctrine creates an equitable exception to the timely filing requirement. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001). The Continuing Violation Doctrine mainly applies to employment discrimination cases. *Id.* However, this has not precluded the application of the doctrine in other actions. *Id.* (citing *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)).

Determination of whether the Continuing Violation Doctrine applies is guided by three factors:

> (1) *subject matter*-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) *frequency*-whether the acts are recurring or more in the nature of isolated incidents; and (3) *degree of permanence*-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

*Id.* at 293 (emphasis added). "The consideration of 'degree of permanence' is the most important of the factors." *Id.* (citing *Berry v. Board of Supervisors of La. State Univ.*, 715 F.2d 971, 981 (5th Cir. 1983).

The Continuing Violation Doctrine will not overcome the relevant statute of limitations "[i]f the prior events should have alerted a reasonable person to act at that time." *King v. Twp. of E. Lampeter*, 17 F. Supp. 2d 394, 416 (E.D. Pa. 1998), *aff'd*, 182 F.3d 903 (3d Cir. 1999) (citing *Hicks v. Big Bros./Big Sisters of Am.*, 944 F. Supp. 405, 408 (E.D. Pa. 1996)). Here, Plaintiffs initiated a lawsuit on July 22, 2009, attempting to strike down the Ordinance. Further, Acciardi was arrested in violation of the Ordinance in April 2010. These events demonstrate Plaintiffs' knowledge of the Ordinance. As such, the relevant statute of limitation began to run on Club 35's claims on July 22, 2009, and on Acciardi's claims on April 21, 2010, at the latest.

In *Cowell*, the court held that "[t]he mere existence of the liens does not amount to a continuing violation. Neither was the Township's refusal to remove the lien an affirmative act of a continuing violation." *Cowell*, 263 F.3d at 293. Here, although the Ordinance was in place, no such affirmative acts have occurred after Acciardi's arrest in April 2010. The mere continued existence of the Ordinance does not constitute an affirmative act that warrants the application of the Continuing Violation Doctrine.

The facts in *MFS, Inc. v. Township of South Annville* are also analogous to the case at bar. No. 05-1371, 2006 WL 3254535 (M.D. Pa. Nov. 9, 2006). There, MFS asserted that the Township of South Annville's adoption of an industrial zoning ordinance was a retaliatory act. *Id.* at *3.

MFS filed a § 1983 suit against the township alleging personal injury arising from the ordinance, which had been adopted four years earlier. *Id.* MFS argued that the matter was not time barred by the statute of limitations because the Continuing Violation Doctrine applied. The court held that the case was time-barred and noted that:

> [T]he Third Circuit has cautioned courts that the continuing violations doctrine should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims. Thus, if prior events should have alerted a reasonable person to act at that time the continuing violation theory will not overcome the relevant statute of limitations. In this case, because the alleged retaliation should have been apparent to MFS upon passage of the amended zoning ordinance in 2001, the statute of limitations began running against [MFS] at that time. Once the Annville Defendants allegedly retaliated against MFS, it was incumbent on MFS to seek relief within the prescribed limitations period, and the failure to do so cannot be saved by application of the continuing-violations doctrine.

*Id.* at *4 (internal citations and quotations omitted).

The Court adopts the reasoning in *MFS* and *Cowell*. Therefore, Plaintiffs' case is not within the purview of the Continuing Violation Doctrine and the Complaint is time-barred in accordance with the two-year statute of limitations. As such, Plaintiffs' Complaint is DISMISSED with prejudice.

### III.   Conclusion

For the reasons set forth above, and other good cause shown, it is hereby ordered that Defendants' Motion to Dismiss is GRANTED and Plaintiffs' Complaint is DISMISSED with prejudice. An Order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2013